Farmers and Merchants Bank Company, Appellee, v. Elisha B. Sparkman, Appellant.

REPLEVIN—*when defendant should be named in representative capacity.* If the taking was by a person in his capacity as a conservator, the action should be brought against such person as conservator.

Replevin. Appeal from the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Reversed. Opinion filed October 25, 1909.

LANE & COOPER, for appellant.

T. M. JETT and AMOS MILLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action of replevin the plaintiff recovered judgment for the possession of two horses and for costs of suit. The defendant appeals.

The material facts disclosed by the record are the following: Robert A. Jones on May 31, 1899, was adjudged insane by a jury in the county court, and committed to the hospital for the insane at Jacksonville. The length of time he remained there, or the circumstances under which he left the hospital, are not clearly disclosed by the record. On October 25, 1907, he executed his note to one Herman, and to secure the payment of the same, gave a chattel mortgage on the horses in controversy. Herman thereafter assigned the note to the plaintiff bank. On November 4, 1907, Jones was again adjudged insane by the county court, and recommitted to the same hospital, and on January 2, 1908, the defendant Sparkman was appointed his conservator. Sparkman qualified as such conservator, and letters were issued to him, and he thereupon took possession of the two horses covered by the chattel

mortgage, and retained possession of the same until they were replevied by the plaintiff in this case.

The evidence further discloses that the defendant was appointed conservator of Jones prior to the institution of the present suit, and that he took and held possession of the horses as such conservator and not in his individual capacity; that he so advised the agent of the plaintiff when demand was made upon him by such agent. We are of opinion that under the circumstances, an action for the recovery of the possession of the horses would not lie against the defendant personally, but that it should have been brought against him as conservator.

The judgment of the Circuit Court is accordingly reversed without remanding.

*Reversed.*